EDLING-ADCOCK REAL ESTATE COMPANY, Appellant, v. C. A. THOMPSON and FLORA E. THOMPSON, Respondents.

**Kansas City Court of Appeals, February 13, 1911.**

**REAL ESTATE AGENTS: Commission: Instruction.** In an action on a note given a real estate agent for commission for the exchange of property, where the defense is want of consideration because a commission was paid by the other party to the transaction, and no notice given them by the agent that he was acting for both parties, it was error for the court to refuse an instruction that the burden of proof was on the defendants to show by a preponderance of the evidence that the defendants and the other party to the exchange of property were not aware that plaintiff was acting as agent for both of them.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED AND REMANDED.

*C. A. Edling* for appellant.

This is a simple action on a promissory note between the original payee and payors and is governed by the law merchant; the contract, the note sued on, was plain and unambiguous in its terms. It is a complete contract in all its terms. Plaintiff is not bound to make affirmative proof of a breach of any legal duty. Under the statute the production of the note in evidence when its execution is not denied, makes a prima facie case. A promissory note is given for value received; this is signed by the makers and is an admission on their part

that value has been received for it, which is good consideration. It is produced by the holder and is proof that after being signed it was delivered to the promisee and is, therefore evidence of a contract on good consideration between the promisor and promisee under the promisor's hand. If then on the trial when a note is sued on by the promisee against the promisor, the plaintiff produces the note and the signature is admitted or proved, it has made out a prima facie case and has no occasion to g'' further until the contrary is shown. The burden of proof is upon the defendants to establish by a preponderance of the evidence the failure or lack of consideration. Holmes v. Harris, 97 Mo. App. 365.

*W. W. Calvin* for respondents.

(1) Where an agent or, broker attempts to represent both parties to a transaction; and charges, exacts or agrees to receive a commission or brokerage from each of them on account thereof, he will be denied a recovery in an action against either, for such commission or brokerage, unless it be shown that both parties to the transaction had full knowledge or were aware of the dual relation of such agent or broker, and consented thereto. Chapman v. Currie, 51 Mo. App. 44; Atlee v. Fink, 175 Mo. 104; Rosenthal v. Drake, 82 Mo. App. 358; McLuer v. Ulman, 102 Mo. App. 703; Meacham on Agency, sec. 972; Atterbury v. Hopkins, 122 Mo. App. 172; Owens v. Matthews, 123 Mo. App. 463; Winter v. Carey, 127 Mo. App. 601; Corder v. O'Neil, 207 Mo. 632; Dennison v. Gault, 132 Mo. App. 301. (2) Where, in an action by such agent or broker against either party to such a transaction, it is admitted by him that he had received or agreed to receive a commission or brokerage from each of the parties to such transaction, the burden of proof was then cast upon him to show that both of said parties knew of his double agency and that the transaction was consummated with such knowledge

on their part. Dennison v. Gault, supra, and other cases supra.

BROADDUS, P. J.—This is a suit to recover on a promissory note executed by defendants and payable to plaintiff, dated June 25, 1908, due in thirty days after date.

The defendants resisted payment on the ground that it was without consideration.

The facts disclosed by the evidence are that plaintiff while engaged as a real estate broker acted as agent for the defendant, C. A. Thompson, in procuring an exchange of his property for that of a man of the name of Doty, and it is also admitted by plaintiff at the same time that he was the agent also of said Doty. After the exchange had been made, J. T. Edling, plaintiff's agent, according to the testimony of the defendant, said: "Now, Mr. Thompson, let us settle this commission business;" that he said in reply that he did not understand he was to give any commission, as he supposed that plaintiff was handling the deal on the part of Mr. Doty. Edling said: "I expect a commission out of each;" and that he finally said: "If you don't pay me a commission, I won't get anything." Not having the money he gave the note in question.

Doty testified that he paid Edling, the plaintiff's agent, as commission or his services in the matter, $250; and that he did not know during the time in which the negotiations were pending that plaintiff was acting for the defendant.

After the note was introduced in evidence Edling was introduced and after testifying that the signatures to the note were those of defendants and that it had not been paid, he was cross-examined by the defendant. He admitted that he was as agent of plaintiff acting for both parties in the deal; and that he notified each that he was acting as agent for the other.

McKinstrey v. Railroad.

The plaintiff asked the court to instruct the jury the practical effect of which was, that, the burden of proof was on defendants to show to the satisfaction of the jury by a preponderance of the evidence, that defendant Thompson and Doty were not aware of the fact that plaintiff was acting as agent for both of them in the transaction. Other instructions were given, but we do not think they were objectionable.

The jury returned a verdict for the defendants. Plaintiff appealed from the judgment.

The court committed error in the refusal of said instruction. Respondent insists as a different result could not have been reasonably expected, the cause should be affirmed. It is not for us to say what the verdict of the jury would have been had they been properly instructed. The error was not merely technical, but of a most substantial character.

Reversed and remanded. All concur.